UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
MELVIN COOK,                               :       CASE NO. 5:18CV01122
                                           :
    Plaintiff,                           :
                                           :
vs.                                        :       OPINION & ORDER
                                           :       [Resolving Doc. 1, 4]
HOLLY MILLER,                              :
                                           :
    Defendant.                           :
                                           :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the complaint of *pro se* Plaintiff Melvin Cook against Defendant Holly Miller pursuant to 42 U.S.C. § 1983.[1] Also before the Court is Plaintiff's revised motion to proceed *in forma pauperis*,[2] which is granted. For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff states his claim, in its entirety, as follows:[3]

Defendant sought to deny Plaintiff job which Plaintiff legally won. Made racial slurs to plaintiff in denying help to plaintiff secure job. Harassed plaintiff on job. Refused to grant extension to plaintiff for situations out of plaintiff's control. Threatened to arrest plaintiff on job site. Refused to pay plaintiff for work done and materials purchased. None of those actions were taken against any of the white contractors in the program. Refused to award further jobs to plaintiff which plaintiff was the low bidder.

---

[1] Doc. 1.

[2] Doc. 4.

[3] Doc. 1 at 5.

Case No. 5:18CV01122
Gwin, J.

Plaintiff seeks $10,000 for work performed and materials purchased, $40,000 for harassment and a demeaning and hostile workplace, and punitive damages.[4]

In the Complaint and attachments thereto, Defendant is identified solely as Holly Miller, with an address of 175 S. Main St. Room 207, Akron, Ohio 44308.

## II. Discussion

A. Standard of Review

Although *pro se* pleadings are liberally construed,[5] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[6] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[7]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[8] and *Ashcroft v. Iqbal*,[9] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[10] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.[11]

---

[4] *Id.* at 6.

[5] *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

[6] *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

[7] *Neitzke*, 490 U.S. at 327.

[8] 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[9] 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[10] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[11] *Twombly*, 550 U.S. at 564.

Case No. 5:18CV01122
Gwin, J.

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.[12] Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation.[13] A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard.[14] In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.[15]

B. Plaintiff Fails to State a § 1983 Claim

Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements, and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[16] "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

In order to state a plausible claim for relief upon which relief can be granted under 42 U.S.C. § 1983, Cook must allege two essential elements: (1) that a right secured by the

---

[12] *Id.* at 555.

[13] *Iqbal*, 556 U.S. at 678.

[14] *Id.*

[15] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

[16] *Iqbal*, 556 U.S. at 677-78.

[17] *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*).

[18] *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).

Case No. 5:18CV01122
Gwin, J.

Constitution or laws of the United States was violated, and (2) the claimed violation was committed by a "person acting under color of state law."[19] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[20]

Here, there are no allegations in the Complaint, nor can the Court infer, that Defendant Holly Miller is a person acting under color of state law. Therefore, the Complaint does not contain either direct or inferential allegations respecting an essential element of a viable § 1983 claim against Defendant.[21] The Court is not required to conjure unpleaded facts or construct claims against Defendant on behalf of Plaintiff.[22] Even liberally construed, Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[19] *West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (U.S. 1988) (citation omitted).

[20] *Id.* at 49 (quoting *U.S. v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941)).

[21] *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988).

[22] *See Grinter v. Knight,* 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Case No. 5:18CV01122
Gwin, J.

### III. Conclusion

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and closed.  Plaintiff's motion to proceed *in forma* pauperis is granted.[23]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 23, 2018

*s/  James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[23] Doc. 4.